FRANK VAN RODEN, complainant-appellant,

*v.*

BENIGNO GOVINY MANSO, and MRS. BENIGNO GOVINY MANSO, his wife, their heirs, devisees or personal representatives, and LOUISA BUCKLEY, defendants-respondents.

[Submitted October 28th, 1933.   Decided January 5th, 1934.]

*Messrs. Ely & Ely,* for the appellant.

*Mr. R. Louis Clarkson,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from a decree of the court of chancery dismissing the bill of the complainant filed on October 23d, 1929, to foreclose a tax sale certificate alleged to have been held by the complainant.

It was stipulated in the court below that the defendant Louisa Buckley (hereinafter called the defendant) went into possession of the premises in question in 1909 under a deed from one holding a tax sale certificate expiring in 1912, and that she has been in "open, notorious, visible, continuous, peaceable and uninterrupted occupancy of the land" ever since, having a barn thereon in which horses were kept, and, at the time this bill was filed, a garage or shed in which were stored household goods; that in 1913 there was issued to the defendant "a tax sale certificate in fee" but which was not recorded until April 20th, 1931; that the tax certificate which the complainant sought to foreclose was acquired by him on October 17th, 1927, for taxes for 1925 and 1926; that a month before complainant's bill was filed the defendant exhibited to the complainant the defendant's tax sale certificate, and tendered to him the amount due on complainant's certificate; that such sum was refused by the complainant, and was deposited with the tax collector, and on September 20th, 1929, the tax certificate of the complainant was canceled by the county clerk with whom there had been left for record the certificate of redemption given by the tax collector to the defendant within the two-year period for redemption provided by the Tax Sales act. *2 Cum. Supp. Comp. Stat. p. 3534 § 208-44a (40)*.

We think the bill was properly dismissed. The subsequent tax certificate which had been issued to the complainant did not deprive the defendant of the right to redeem as the holder of a prior certificate issued under a prior sale.

The rule is stated in *Absecon Land Co.* v. *Keernes, 101 N. J. Eq. 227,* thus: A holder of a tax sale certificate has a lien upon the premises which entitles him to redeem from

the holder of a similar certificate issued to the purchaser of the property at a subsequent sale until his right of redemption is extinguished by due process of law.

The complainant contends that the certificate of the defendant was void as against the complainant's certificate because the defendant's certificate was not recorded until 1931, whilst (as is said in the complainant's brief) his certificate was "duly recorded," but how or when does not appear so far as we observe. However that may. be, complainant relies upon section 35 of the Tax Sales act which states: "* * * unless the certificate is so recorded as a mortgage within three months of the date of the sale, it shall be void as against any *bona fide* purchaser, lessee or mortgagee whose deed, lease or mortgage is recorded before the recording of the certificate." *P. L. 1919 p. 284.*

But so far as this question is concerned, the provision of section 35 of the Tax Sales act is to the same effect as was the provision of section 56 of the Tax act of 1903 (*Comp. Stat. p. 5136*), when the case of *LaCombe* v. *Headley, 91 N. J. Eq. 63,* was decided. The facts of that case and those of the present case are much the same, and there the same point was raised, considered and decided adversely to the present contention of the complainant. In that case the defendant had entered into possession shortly after the tax sale. Here the defendant was already in possession at the time she purchased the premises under the tax sale of 1913, and has ever since been in open, notorious, unequivocal and visible. occupation of the premises. In that case it was said: "It is entirely settled, both in this state and elsewhere, that possession of land, if open, notorious, and unequivocal, constitutes notice of the right, or claim of right, under which the party in possession occupies it; and this notice is effective, not only to those who have actual knowledge of the occupation, but as to all the world. It is the duty of an intending purchaser of land which is in the possession of a person other than the intending grantor to inquire of the occupant, and ascertain the rights under which he holds; and if he does not make such inquiry, he is chargeable with notice of such fact as the inquiry, if it had been in fact made, would have revealed."

Neither of the cases cited by the complainant seem to bear on the question here to be decided. *Merchants' and Traders' Realty Co.* v. *Stern, 101 N. J. Eq. 629,* dealt with a dispute between the holder of a tax certificate and a second mortgage over the rents collected by the receiver appointed at the request of the second mortgagee. The case of *Harrington Co.* v. *Walker, 105 N. J. Eq. 172,* dealt with a dispute between the holder of a tax certificate and the municipality which granted it.

Complainant's bill was properly dismissed, and the decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.