THE TAX INVESTMENT CORPORATION OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, RELATOR, v. JOHN C. DILTS, COLLECTOR OF TAXES OF THE CITY OF PLAINFIELD, AND FRANK DECKER, RESPONDENTS.

Argued March 4, 1944—Decided April 17, 1944.

Before Justice CASE, sitting as a single justice pursuant to the statute.

For the relator, *Saul A. Wittes.*

For the respondent John C. Dilts, collector of taxes, *Salvador Diana.*

CASE, J. The relator, on December 16th, 1941, purchased a tax sale certificate which it still holds, unredeemed. On December 16th, 1943, the tax collector sold the same lands, for the unpaid taxes of 1942, to one Frank Decker for $78.76, for redemption without interest, and at a premium of $50. Within ten days of the latter sale relator tendered to the tax collector the sum of $78.76 in redemption of the Decker certificate, together with an affidavit showing such payment and a demand that the collector issue to relator a certificate of redemption for the Decker lien and that he file the affidavit in his office in accordance with the provisions of *R. S.* 54:5–60. The tax collector refused to accept the sum tendered, refused to issue a certificate of redemption and refused to file the affidavit and stated his position particularly as follows, namely: (1) that if relator would redeem from the Decker tax certificate he was required to pay, in addition to the $78.76, the further sum of $50 bid by the said Frank Decker as a premium; (2) that relator was entitled to file the affidavit showing the payment of the 1942 tax pursuant to *R. S.* 54:5–60 only if he had paid the same before the tax sale thereon; (3) that relator was therefore precluded from filing such affidavit on the redemption of the Decker certificate, and (4) that if the relator insisted upon filing the affidavit showing the disbursement the tax collector would not accept the sum of $78.76 in redemption and would not issue to relator a certificate of redemption from the sale to Decker. Relator seeks to enforce affirmative official action by the tax collector. The matter is before me on an alternative writ of *mandamus,* a return by the tax collector and a motion by relator to quash the return on the ground that it is frivolous.

The pertinent statutory provisions are in *R. S.* 54:5–54, *et seq.* The holder of a tax sale certificate has a lien entitling him to redeem from the holder of a subsequently issued tax sale certificate until the right of redemption is properly extinguished. *Van Roden* v. *Manso,* 115 *N. J. Eq.* 69;

*Absecon Land Co.* v. *Keernes,* 101 *Id.* 227. By section 54 a person having a right to redeem may exercise that right by paying to the collector "the amount required for redemption as hereinafter set forth." The amounts required for redemption are set forth in sections 58, 59 and 60; section 59 if the certificate is held by the municipality and section 60 if the certificate is held by one other than the municipality. By section 55 the collector is directed, on receiving payment from a person having the right to redeem, to execute and deliver to that person a certificate of redemption, subject, however, to section 56 which provides that when the redemption is made by a person not primarily liable to pay the municipal lien but having a lien or interest in or on the land, he shall, if he so elects, succeed to the municipal lien so paid by him. In the latter event the purchaser at the tax sale is obliged to assign the certificate of sale to the person redeeming, or, if that person makes the redemption within ten days of the date of sale, and so elects, the collector is ordered to issue the certificate direct to him. Relator comes within the application of the fifty-sixth section. He is a person not primarily liable to pay the municipal lien; nevertheless he had a lien and on redeeming within ten days of the date of sale elected that the collector should issue the certificate to him at the rate bid. The fifty-eighth section provides that the amount required to redeem within ten days of the date of the sale shall be the sum paid at the sale with interest from the date of sale at the rate of redemption at which the property was sold. It was in that amount that relator made the tender. The dispute seems to lie on the question of whether relator may perfect the record in a manner to bind the person primarily liable if the latter shall choose to redeem in accordance with the statute. The sixtieth section provides:

"If the certificate of sale is not held by the municipality, the amount required for redemption shall include all sums for subsequent municipal liens, and interest and costs thereon, actually paid by the holder of the tax title or his predecessor therein, together with interest on the amount so paid at the rate chargeable by the municipality, provided the holder of

such title shall have made and filed with the collecting officer an affidavit showing the amount of such payment, which affidavit may be taken before such officer."

The nub of the dispute is that the annual interest rate charged by the municipality is seven per centum which, if it applies, will bring to the holder of the tax title that rather munificent rate of return on his disbursement. But the statute clearly states what the rights of the tax title holder are and conditions them upon the filing of an affidavit. It is that affidavit that relator attempted to file and that the collector refused to accept. It is necessary for the protection of the relator's rights that the affidavit be filed and I find no justification in the statute for the refusal.

It is said that when Decker purchased at the tax sale the lien of the tax upon the property became a mere individual lien, that it ceased to be a municipal lien and that consequently the provisions of the sixtieth section do not apply. The statute does not, in my opinion, give support to that argument. The contention is not reconcilable with the wording of the fifty-sixth section which is that a person occupying the status of relator, if he so elects, "shall succeed to the municipal lien paid by him." Whether or not the procedure is such as to enrich unfairly the holder of the tax title at the expense of the person primarily liable is not the concern of the collector. The problem is one of statutory construction. The statute supports the relator's procedure. It does not, in my opinion, give the semblance of support to the collector's position.

Aside from the equivalent of an admission that the factual allegations in the writ are true, the return consists of unsubstantial variations in factual statement and of a fallacious presentation of the law. It is, as charged, frivolous. Respondent's brief contains this statement: "It is conceded that if this Relator, under the facts as herein admitted, comes within the purview of Section 60, that then it is entitled to the demand requested by these proceedings." I find that the relator does come within the purview of section 60. There is consequently no point in continuing the suit.

The return will be quashed and a peremptory writ will issue; without costs.