The bill of complaint, as amended, was filed by the complainant municipality which is the owner and holder of 37 *Page 480 
tax sale certificates on as many parcels of real estate. Complainant seeks to foreclose the equity of redemption for the purpose of obtaining title to the premises in question.
The amended bill recites 37 distinct causes of action based on the tax sale certificates which were purchased by the complainant on September 11th, 1935. All of said causes of action involve common questions of fact and law.
At the time of the tax sales, the properties were owned by Edward McDermott and Anna R. Usher. Edward McDermott died since the sale leaving a will and making his wife, Anna M. McDermott, the sole devisee of the property in question. A decree proconfesso has been taken against the owners of the property.
The dispute in this case involves the position of the defendants County of Hudson and Frank J. Farley, as treasurer of said county. When the complainant's solicitor made a search of the county records he found noted on said records the following items:
"The premises in question are laid out on the Commissioners Map for Assessments for Paving, Grading, etc., of Secaucus Road.
"All the lots in County Block No. 2280 are assessed as one item being known as Commissioners No. 1276 and was assessed to A.B. Gayle. The amount of the assessment is $1121.60 and has not been paid.
"Said assessment bears interest at 7% from July 15, 1884."
These notations are the last record of the proceedings which arose out of a statute of 1869 (P.L. 1869 p. 1080) and supplemental statutes providing for the improvement of Paterson Avenue from the westerly line of the Paterson Plankroad to the Secaucus Road, and the Secaucus Road from Paterson Avenue to Penhorne's Creek, in the County of Hudson. The original act, which was the subject of many subsequent amendments and much litigation, provided for the making of the improvements which were to be paid for by the property specifically benefited. Said act also provided for the appointment of commissioners who were to advertise as to the amounts which the respective properties were to carry and bring proceedings leading to the confirmation of the assessments. *Page 481 
In drafting its original bill, the complainant assumed that the foregoing notations indicated an assessment levied by the County of Hudson and, therefore, it alleged that an assessment of $1,121.60 has been levied by said county. The complainant, in its amended bill, alleges that the notations are not a county assessment at all and that the County of Hudson and the treasurer thereof have no interest in these assessments.
Complainant further contends that even if the alleged liens of the county are valid, they are not superior to the paramount liens of the complainant for taxes. If this contention is sound, it would not be necessary to consider and determine the question of whether or not the County of Hudson and its treasurer have any interest in the assessments. If the complainant's lien for taxes is paramount to the lien of the county for the assessment, afortiori the complainant is entitled to the relief prayed for in its amended bill.
The subject-matter of these foreclosures is under the general authority of R.S. 54:5-1 et seq. R.S. 54:5-9 reads:
"Every municipal lien shall be a first lien on such land and paramount to all prior or subsequent alienations and descents of such lands or encumbrances thereon, except subsequent municipal liens."
It appears from this statute that the complainant's lien for general property taxes is paramount to the lien for the special assessment of the County of Hudson. The defendant, relying onWestervelt v. Voorhis, 42 N.J. Eq. 179; affirmed, 43 N.J. Eq. 642; Majewski v. Greenberg, 101 N.J. Eq. 134, and upon the priorities given to the United States and the State of New Jersey by virtue of the federal and state inheritance tax statutes, contends that its lien, a county lien, is entitled to priority over the subsequent municipal lien of the complainant. The cases cited by defendant, however, to substantiate its position are not apposite. The Westervelt Case concerns the priority of a mortgage and a judgment. The Majewski Case concerns a bill to quiet title and sought to determine the validity and extent of the defendant's claim by virtue of the judgment and levy against the premises described in the bill.
The priority given by the statute of the United States under the Bankruptcy Act, 11 U.S.C.A. 104, for the estate *Page 482 
(inheritance) tax under 26 U.S.C.A. 827, the Budget and Accounting Act, 31 U.S.C.A. 191, 192, as well as the priority granted to the State of New Jersey by virtue of R.S. 54:49-1
for taxes due to the State, have no application to the situation presented here. A county is a subordinate political subdivision of the State, as is a municipality. General statutes imposing restrictions upon the power of "municipalities" or providing for various objects such as pensions have repeatedly been held to include counties by the mere use of the word "municipality."Herman Grace v. Freeholders of Essex County, 71 N.J. Eq. 541;
affirmed, 73 N.J. Eq. 415; Union Stone Co. v.Freeholders of Hudson County, 71 N.J. Eq. 657; Burtis v.Haines, 91 N.J. Law 4; Murphy v. Freeholders of Hudson,91 N.J. Law 40; Hulme v. Board of Commissioners of Trenton,95 N.J. Law 30.
The subject-matter of these foreclosures, the municipal liens, arises out of the general property taxes imposed by the complainant. It is generally recognized that liens for such general taxes are paramount to special assessment liens in the absence of statute. See annotation in 65 A.L.R. 1379 which states:
"It has been held, without reference to any statute concerning the priority between general tax liens and liens for special assessment, that the general tax lien, subsequent in point of time, is paramount and superior."
The rule is well established that municipal liens take precedence in the inverse order of the time when they become liens. In Harrington Co. v. Walker, 105 N.J. Eq. 172, 173,
Vice-Chancellor Lewis said:
"(1) The ordinary rule as to assessments of taxes is, of course, that each year's assessment takes priority over all assessments for the previous years. Section 49 of the Tax Law (4Comp. Stat. 1910 p. 5129); Cahill v. Harrison, 87 N.J. Eq. 524; 100 Atl. Rep. 625. The ordinary rule further is that the effect of a tax sale for a particular year's assessment is to destroy, cancel, and obliterate the preceding taxes. Cahill v.Harrison, supra." *Page 483 
In view of the foregoing, I am of the opinion that the complainant's liens for taxes are superior to the assessments levied by the County of Hudson assuming that the county assessments are valid. It is not necessary, therefore, to consider and determine the question of whether or not the County of Hudson and its treasurer have an interest in the assessments.
The complainant is entitled to the relief prayed for by its amended bill. *Page 484