76 N.J. Super. 59 (1962)
183 A.2d 772
REALTY SALES CORPORATION, A BODY CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
DANIEL PAYNE, SINGLE, CAROLYN AMATUZZI, SOMETIMES KNOWN AS CAROL PAYNE AMATUZZI (FORMERLY KNOWN AS CAROLYN PAYNE AND WILLIAM AMATUZZI, HER HUSBAND), CITY OF PATERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THE TAX INVESTMENT CORP. OF NEW JERSEY, A BODY CORPORATE OF THE STATE OF NEW JERSEY, JAMES LEXINGTON CO., A NEW JERSEY CORPORATION, UNITED SAVINGS AND LOAN ASSOCIATION OF PATERSON, A CORPORATION OF THE STATE OF NEW JERSEY, AND STATE OF NEW JERSEY, DEFENDANTS. THE TAX INVESTMENT CORPORATION OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JAMES LEXINGTON CO., A CORPORATION OF NEW JERSEY, UNITED SAVINGS AND LOAN ASSOCIATION, A CORPORATION OF NEW JERSEY, STATE OF NEW JERSEY, AND REALTY SALES CORPORATION, A CORPORATION OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 28, 1962.
*60 Mr. Andrew Mainardi for Realty Sales Corporation (Messrs. Mainardi and Mainardi, attorneys).
Mr. Saul A. Wittes for The Tax Investment Corporation of New Jersey.
*61 COLLESTER, J.S.C.
I have considered the motions presented in the above-entitled matters and have arrived at the following conclusions.
The undisputed facts are as follows. On December 14, 1949 a tax lien on the premises involved in both actions was purchased by The Tax Investment Corporation of New Jersey, &c. (Tax Investment). On December 12, 1950 another tax sale of the property was held and the City of Paterson purchased the lien which on December 22, 1960 was assigned to Realty Sales Corporation, &c. (Realty Sales).
Realty Sales filed a complaint to foreclose its 1950 tax sale certificate on December 6, 1961 and joined Tax Investment as a party defendant because of the latter's 1949 tax sale certificate. On April 3, 1962 Realty Sales paid the amount allegedly due on the 1949 tax sale certificate to the Receiver of Taxes of the City of Paterson. On May 11, 1962 Tax Investment filed its complaint to foreclose on its 1949 tax sale certificate and joined Realty Sales as a defendant. The motions before this court were then made by the parties in these two actions.
Realty Sales contends that Tax Investment's 1949 tax lien has been fully redeemed by its payment to the Paterson Receiver of Taxes of the amount allegedly due thereon and that since Tax Investment's tax certificate has been paid in full and redeemed Tax Investment no longer has any interest in the property. Realty Sales relies upon the provisions of N.J.S.A. 54:5-98, enacted March 19, 1953, as authority for its contention.
I am satisfied that the action of Realty Sales in paying to the Receiver of Taxes of the City of Paterson the amount allegedly due on the 1949 tax sale certificate held by Tax Investment did not cut off the latter's right to redemption.
Tax Investment is a "person having an interest" in the land sold for municipal liens under R.S. 54:5-54 and is the holder of a tax sale certificate for a lien prior to that held by Realty Sales. Tax Investment's rights under said *62 statute permit it to redeem from the holder of a subsequently issued tax sale certificate until the right to redemption has been properly extinguished. Van Roden v. Manso, 115 N.J. Eq. 69 (E. & A. 1934); Absecon Land Co. v. Keernes, 101 N.J. Eq. 227 (E. & A. 1927); Tax Investment Corporation of New Jersey v. Dilts, 131 N.J.L. 437 (Sup. Ct. 1944).
However, the tender by a holder of a subsequent tax certificate, either directly or through the tax collector, of the amount due on a prior tax certificate does not destroy the right of redemption vested by the statute in the holder of the prior certificate. Absecon Land Co. v. Keernes, supra. The holder of the subsequent tax lien can defeat the right of redemption of the earlier certificate holder only by foreclosing the right of redemption. It cannot defeat the right of redemption of the prior certificate holder by attempting to redeem the lands through payment of the amount allegedly due to the tax collector.
Thus in the instant case, Realty Sales can defeat the right of redemption held by Tax Investment, the prior certificate holder, only by foreclosure proceedings if Tax Investment permitted its right to redemption to be cut off.
Realty Sales misconstrues the meaning and object of N.J.S.A. 54:5-98. This section does not grant a right to the holder of a subsequent tax sale certificate to cut off the right of redemption of the holder of a prior certificate. It enables the holder of a prior certificate to exercise his right to redemption by payment to the tax collector of the amount due on the subsequent certificate, subject to the fixing of fees and costs. It merely changed the procedure for such redemption in that prior to March 19, 1953, the effective date of the amendment to section 98, a prior holder could redeem only in the foreclosure proceeding.
In Realty Sales Corporation v. Payne, Docket No. F-1337-61, the motion brought by the plaintiff therein, Realty Sales Corporation, for an order dismissing Tax Investment *63 Corporation of New Jersey as a party defendant to the second count of the complaint is denied, and the motion of the defendant Tax Investment Corporation for an order fixing the sum due plaintiff on its tax sale certificate with such fees and costs as may be allowed by law, and fixing a time and place when and where the said defendant may redeem said lands, will be granted.
In The Tax Investment Corporation of New Jersey v. James Lexington Co. et al., Docket No. F-3107-61, summary judgment will be granted in favor of the plaintiff therein, The Tax Investment Corporation of New Jersey, against the defendant Realty Sales Corporation on the second count of the complaint and an order fixing the amount due on plaintiff's tax sale certificate under the first count of the complaint and the time and place of redemption will be granted. The motion by the Realty Sales Corporation, the defendant therein, to dismiss said complaint will be denied.
Appropriate forms of judgments in said cases, pursuant to the provisions of R.R. 4:55-1, will be presented.