TOWNSHIP OF JEFFERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. BLOCK 447A, LOT 10, ASSESSED TO UNKNOWN, DEFENDANTS, AND ELBE ESTATES, APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 15, 1988—Decided September 28, 1988.

Before Judges KING, GAULKIN and D'ANNUNZIO.

*Colasanti & Ermel,* attorneys for appellant Elbe Estates (*Anthony T. Colasanti* and *Terence S. Brady,* on the brief).

*Cohen* and *Kron,* attorneys for respondent (*Robert D. Correale,* on the brief).

*W. Cary Edwards,* Attorney General, attorney for intervenor State of New Jersey (*James J. Ciancia,* Assistant Attorney

General, of counsel; *Harry Haushalter,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

In *Mennonite Board of Missions v. Adams,* 462 *U.S.* 791, 103 *S.Ct.* 2706, 77 *L.Ed.*2d 180 (1983), the Court held that the due process clause of the 14th Amendment requires that actual notice be given to a mortgagee in an action to quiet title arising out of the enforcement of a municipality's tax lien. In *Tp. of Montville v. Block 69, Lot 10,* 74 *N.J.* 1 (1977), the New Jersey Supreme Court held that the due process clauses of the United States and New Jersey Constitutions require that notice of a municipality's action to foreclose an owner's equity of redemption under the In Rem Tax Foreclosure Act (the Act), *N.J.S.A.* 54:5–104.29 *et seq.,* be mailed to the owner whose name and address appear on the municipality's tax rolls, and that constructive notice to the owner by publication and posting is constitutionally inadequate. The issue in the present case is whether due process requires the mailing of notice to the holder of a prior tax sale certificate before the holder's rights are extinguished by an *in rem* tax foreclosure proceeding.

In December 1980, 1981 and 1982, Elbe Estates, Inc., (Elbe) purchased tax sale certificates from Jefferson Township for 18 lots in Jefferson Township. In December 1983, the township purchased tax sale certificates for the same 18 lots due to non-payment of taxes for the year 1982. On January 29, 1986, the township commenced an action under the Act to bar rights of redemption in the 18 lots and other properties. Notice of the foreclosure action was mailed to property owners at the addresses contained on the municipal tax rolls. *R.* 4:64–7(c); *Tp. of Montville, supra.* Notice to other interested parties was by publication and posting. *R.* 4:64–7(b), (d). Notice was not mailed to Elbe since neither the Act nor court rules require it.

Final judgment was entered in favor of the township on May 14, 1986.

On March 23, 1987, Elbe filed a motion to vacate the judgment on the ground that it never received notice of the foreclosure action. The affidavit of Elbe's president, J. Carmine Bonano, stated that he learned of the foreclosure judgment in February 1987 "when a title company was providing me with a title report on other property which I own in Jefferson Township." The Chancery Division Judge denied Elbe's motion and it appeals. We reverse.

Due process requires that deprivation of property by state action be preceded by notice and an opportunity to be heard. *Mullane v. Central Hanover B. & T. Co.*, 339 *U.S.* 306, 313, 70 *S.Ct.* 652, 656, 94 *L.Ed.* 865 (1950). Neither the township nor the intervenor, State of New Jersey, contends that the holder of a tax sale certificate does not have a property interest protected by the due process clause. Nevertheless, we have considered the question and conclude that the holder of a certificate does have a protected property interest.

The holder of a tax sale certificate does not have title to the land. The holder's purchase of the certificate at a tax sale does not divest the delinquent owner of his title to the land. *Gasorek v. Gruber*, 126 *N.J.Super.* 511, 515 (App.Div.1974). The certificate holder succeeds to the lien interest of the taxing district. *Manning v. Kasdin*, 97 *N.J.Super.* 406, 417 (App.Div. 1967), certif. den. 51 *N.J.* 182 (1968). The certificate holder's inchoate interest, *Gasorek, supra*, consists of three significant rights. The holder has the right to receive the sum he paid for the certificate with interest at the redemption rate for which the property was sold. *N.J.S.A.* 54:5–58. The holder has the right to redeem from any other holder a subsequently issued tax sale certificate. *Realty Sales Corp. v. Payne*, 76 *N.J.Super.* 59, 61–62 (Ch.Div.1962), aff'd. o.b. 78 *N.J.Super.* 504 (App.Div.1963), certif. den. 41 *N.J.* 162 (1963). Finally, and most important, the holder has the right to acquire title by

foreclosing the equity of redemption of all outstanding interests including the owner's. *N.J.S.A.* 54:5–86 *et seq.* This right of foreclosure may not be exercised until the expiration of two years from the sale date. *Ibid.*

Foreclosure by a municipality under the Act extinguishes all the prior holder's rights, including the right to receive, upon redemption, the amount originally paid by the holder for the tax certificate. Consequently, the holder of a tax sale certificate has a property interest protected by the requirements of due process. *Cf. Mennonite, supra* (mortgagee's interest in a property right protected by Due Process Clause); *Logan v. Zimmerman Brush Co.,* 455 *U.S.* 422, 428, 102 *S.Ct.* 1148, 1153, 71 *L.Ed.*2d 265 (1982) (a cause of action is property protected by due process requirements); *Mullane, supra* (beneficiaries' right to charge trustee for negligent or illegal impairment of their interests, and right to be heard on the allowance of fees are protected property rights).

Although "[p]ersonal service has not in all circumstances been regarded as indispensable to the process due to residents, and it has more often been held unnecessary as to nonresidents ...," *Mullane, supra* 339 *U.S.* at 314, 70 *S.Ct.* at 657, we conclude that the decisions in *Mennonite* and *Tp. of Montville, supra,* require that notice of Jefferson Township's *in rem* foreclosure action should have been mailed to Elbe at its address recorded in the tax collector's records. *See N.J.S.A.* 54:5–35.

There are similarities between a tax sale certificate holder and a mortgagee. Like the mortgagee, the holder advances money,[1] in at least the amount of the outstanding municipal lien, *N.J.S.A.* 54:5–31, and in return receives a lien on the assessed property, which passes from the municipality to the holder. *N.J.S.A.* 54:5–42. A mortgagee and a tax sale purchaser have the right to foreclose if, in the case of a mortgage, the

---

[1]The "advance" is to the municipality, not to the owner.

debt which the mortgage secures is not paid, or, in the case of a certificate holder, the property is not redeemed. The major difference between a mortgagee and a tax sale purchaser, relevant to this analysis, is that the municipality deals directly with the tax sale purchaser. *N.J.S.A.* 54:5–35 mandates that the sale date and name and address of the tax sale purchaser be entered by a municipal officer on the tax sale list established pursuant to *N.J.S.A.* 54:5–21. The list "shall be bound in book form as a permanent record...." *N.J.S.A.* 54:5–24. Consequently, a municipality knows that it has previously sold the property for taxes and knows the name and address of the purchaser.

A municipality does not have direct knowledge of outstanding mortgages; it must search the title record to find them. *Mennonite* requires such a search. Nevertheless, despite the probability that a municipality would be required to undertake a title search, the Court in *Mennonite* deemed the existence and identity of a mortgagee to be reasonably ascertainable, thereby requiring "[n]otice by mail or other means as certain to ensure actual notice...." *Mennonite*, 462 *U.S.* at 800, 103 *S.Ct.* at 2712. In the present case, the only search required of the township is a search of its own records. The only burden is that involved in mailing a notice of the foreclosure action to the holder at the address appearing in the township's records. *See Tulsa Collection Servs. v. Pope*, 485 *U.S.* ——, 108 *S.Ct.* 1340, 99 *L.Ed.*2d 565 (1988) (due process requires actual notice of reasonably ascertainable creditors of decedent before creditors' claims can be extinguished).

We perceive no adverse impact on State interests in requiring actual notice by mail. To the contrary, actual notice to persons with a motive and the resources to redeem would further the State's interest in collecting taxes. *See Berkeley Tp. v. Berkeley Shore Water Co.*, 213 *N.J.Super.* 524, 532 (App.Div.1986) ("a principal purpose of the *in rem* tax foreclosure law is to provide a method for collection of taxes ...").

In the present case, the chancery judge reasoned that a tax sale purchaser makes a speculative purchase of a distressed property and, therefore, is charged with the knowledge that the owner has not paid the municipal taxes or assessments. Consequently, the judge concluded, the purchaser has an obligation to protect himself by paying future municipal liens. But this reasoning is also applicable to an owner. The owner knows whether he has paid taxes. The owner is also charged with knowledge that his land may be sold by the municipality. Nevertheless, our Supreme Court has ruled that notice of a foreclosure action must be mailed to the owner where his name and address appear on the municipality's tax rolls. *Tp. of Montville, supra.* In *Mennonite*, the Court held that "a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending." 462 *U.S.* at 800, 103 *S.Ct.* at 2712. Moreover, until redemption or foreclosure of the right to redeem, the duty to pay taxes is on the owner, not the certificate holder. *N.J.S.A.* 54:5–39.

The chancery judge also ruled that protection was available under *N.J.S.A.* 54:5–104.48.[2] Under that statute, a person with an interest in lands may file a notice with the tax collector stating his name and address. The notice is effective for five years and persons filing it are entitled to receive notice of a foreclosure action. Respondent and intervenor contend that the availability of this statutory mechanism (which we shall

---

[2]This statute provides:

At any time after the enactment of this act, any person owning land or holding a mortgage thereon, or any person having a lien or claim thereon, or interest therein, may file with the tax collector of the taxing district wherein such land is located, a notice stating his name, residence and post-office address and a description, as shown in the last tax duplicate of the municipality, of the parcel of land in which such person has an interest, which notice shall continue in effect for a period of five years, unless earlier canceled by such person. A notice of foreclosure shall be served upon such persons and all others, as provided by Rules Governing the Courts of the State of New Jersey.

8

refer to as § 48) satisfies due process. The issue was not addressed in *Tp. of Montville* because at that time § 48 provided for permissive mailing of notice of foreclosure and further provided that the failure to mail notice of the foreclosure action would not affect the validity of the foreclosure action. The present statute was enacted to be effective February 8, 1980. *L.*1979, c. 414, § 2. The issue was alluded to but not decided in *Mennonite.* 462 *U.S.* at 793, fn. 2, 103 *S.Ct.* at 2708, fn. 2.

We conclude that the § 48 mechanism does not render constitutional the failure to mail notice of a foreclosure action to tax certificate purchasers who have not filed notices pursuant to § 48. Section 48 is redundant if applied to a tax certificate purchaser because, as previously noted, the municipality is required by *N.J.S.A.* 54:5–21, –24 and –35 to make a permanent record of the name and address of the purchaser when it sells the property. The use of § 48 by a municipality to avoid the notice requirement of due process would require a certificate purchaser to give a municipality information the municipality is mandated by statute to have in its records. Therefore, the only impact of § 48, as applied to a tax sale purchaser, is to compel the purchaser to request notice. We conclude that a person's entitlement to the notice required by due process cannot be conditioned on the requirement that he request it. *Matter of Foreclosure of Tax Liens by Erie*, 103 *A.D.*2d 636, 481 *N.Y.S.* 2d 547 (App.Div.1984). *Cf. Phillipsburg v. Block 22, Lots 14, 15, 16*, 218 *N.J.Super.* 558 (Ch.Div.1987) (mortgagee's failure to comply with § 48 does not eliminate due process requirement of actual notice.) *But cf. Matter of Tax Foreclosure No. 35*, 127 *A.D.*2d 220, 514 *N.Y.S.*2d 390 (App.Div.1987), judgment aff'd on other grounds, 71 *N.Y.*2d 863, 527 *N.Y.S.*2d 747, 522 *N.E.*2d 1044 (Ct.App.1988) (requirement that owner file registration card requesting notice of *in rem* foreclosure does not offend due process); *Mid–State Homes, Inc. v. Portis*, 652 *F.Supp.* 640 (W.D.La.1987) (requirement that mortgagee request notice of *in rem* mortgage foreclosure not violation of due process).

We hold that a municipality is required to mail a notice of an *in rem* foreclosure action to a prior tax sale purchaser at the address reflected in the municipality's records.

Reversed and remanded for further proceedings on Elbe's motion consistent with this opinion.