KUSKIN, J.T.C.
On May 3, 1994 plaintiff acquired, by assignment from defendant Township of Rockaway, Tax Sale Certificate No. 6-80 covering property designated on the Township Tax Map as Block 20603, Lot 23 (the “Property”). Plaintiff appealed the 1996 assessment on the Property, the Morris County Board of Taxation affirmed the assessment, and this appeal followed. The Township has moved to dismiss on the ground that plaintiff, as the holder of a tax sale certificate who does not have title to the Property, lacks standing to prosecute the appeal.
The document assigning the Tax Sale Certificate to the plaintiff required foreclosure of the right of redemption “within two years of May 3, 1994” in order to avoid forfeiture of title, but this time period was extended by Resolution of the Township governing *358 body until May 3, 1997.[1] As of the date of filing of the Tax Court appeal, the plaintiff had initiated a foreclosure action, but had not obtained a judgment, and there had been no redemption of the Certificate. Plaintiff paid the property taxes due with respect to the Property from the time of his acquisition of the Certificate. As of the date of filing of defendant’s motion, property taxes were current.
Under facts similar to those present here, Judge Lario, in Northfield City v. Zell, 12 N.J.Tax 180 (Tax 1991), held that the holder of a tax sale certificate had neither an express statutory right nor an implied right to appeal the property tax assessment on the property covered by the certificate and there was no “compelling reason to confer standing to appeal.” Id. at 186. I agree that the Tax Sale Law, NJ.S.A 54:5-1 to -129, confers no express right of appeal. I respectfully disagree, however, with Judge Lario’s conclusions that a tax sale certificate holder has no implied right of appeal and there is no compelling reason to confer standing. I hold that the holder of a tax sale certificate, who has paid taxes from the time of acquisition of the certificate, is a “taxpayer” under N.J.S.A. 54:3-21 and has standing to prosecute an appeal.
N.J.S.A. 54:3-21 provides in relevant part that “[a] taxpayer feeling aggrieved by the assessed valuation of his [, her or its] property” may, on or before April 1, appeal to the county board of taxation and, if the assessed valuation of the property exceeds $750,000, appeal directly to the Tax Court. “Taxpayer” as used in this statute has been construed to include parties other than the owner of the property. In Ewing Tp. v. Mercer Paper Tube Corp., 8 N.J.Tax 84 (Tax 1985), the Tax Court made an extensive *359 historical analysis of the use of the word “taxpayer” and held that a lessee, whose lease covered the entire assessed premises for the full tax year and required the lessee to pay all taxes, was a “taxpayer” having the right of appeal within the meaning of the statute.
It can be reasonably inferred that it has been and still is the Legislature’s purpose to afford the right to appeal essentially to any person whose tax payments are adversely affected by an improper assessment and not only an owner in fee of the assessed property appealed.
[Id. at 91.]
In Village Supermarkets, Inc. v. West Orange Tp., 106 N.J. 628, 525 A.2d 323 (1987), the Supreme Court extended, to certain tenants of a multi-tenant shopping center, standing to prosecute an appeal with respect to the entire center. The Court described the issue of whether a particular tenant has such standing as “one of degree, depending upon the relative circumstances of the parties and their economic interests,” id. at 633, 525 A.2d 323, and articulated five factors to be considered in deciding such issue. Two of these factors, although phrased in terms of the landlord-tenant relationship, have applicability outside that relationship. One such factor is whether a tenant “will adequately represent the interests of the landlord and other tenants, or whether the tenant has interests adverse to either group,” and the other factor is “the tenant’s ability to mount and prosecute an effective appeal.” Id. at 634-35, 525 A.2d 323.
In Chemical Bank N.J., N.A. v. City of Absecon, 13 N.J.Tax 1 (Tax 1992), the Tax Court held that a mortgagee whose mortgage is in default, and who has paid taxes for the year under appeal (1991)[2], had standing to prosecute a tax appeal. Judge Rimm found that this standing derived from common law and contractual interests in the property. The common law interests included: fee simple title to the mortgaged premises subject to defeasance by the payment of the mortgage debt, with the right of possession *360 postponed until default; the right to recover monetary damages resulting from injury to the mortgaged premises; and, under Burke v. Hoffman, 28 N.J. 467, 475, 147 A.2d 44 (1958), “ ‘an interest in land,’ and priorities ... governed by the rules applicable to interests in land, and not by the rules which govern interests in personalty.” Chemical Bank, supra, 13 N.J.Tax at 8-9. The mortgagee’s contractual interests included the following rights expressly set forth in the Chemical Bank mortgage document- (and typically included in commercial mortgage documents): the right to make such payments as the mortgagee deemed advisable to protect the security of the mortgage; the right to pay taxes, assessments, water and sewer charges as well as insurance premiums; the right to repair and maintain the mortgaged premises and avoid waste; and the right, upon default, to enter into possession and rent the premises.
Based on these interests of the mortgagee in the property, Judge Rimm concluded that: “Permitting a mortgagee, whose mortgage is in default and who has paid real estate taxes, to challenge a local property tax assessment ‘makes eminent good sense in the marketplace.’” Id. at 12. With reference to the factors set forth in Village Supermarkets, he found “no reason to believe that the mortgagee will not adequately represent the owner’s interest nor that it does not have the ability to mount and prosecute an effective appeal.” Id. at 13.
Whether, under the standards suggested by the foregoing cases, the property interest of a holder of a tax sale certificate is sufficient to confer standing to prosecute a tax appeal must be determined by examining the components and parameters of such interest as defined by statute and decisional law in connection with the sale of a certificate, redemption of a certificate and foreclosure of the right of redemption.
With respect to the sale of a certificate, N.J.S.A. 54:5-46 requires the certificate to be acknowledged by the officer conducting the sale “as a conveyance of land” and “set forth that the property therein described was sold by him to the purchaser, ...” The form of certificate itself, set forth in N.J.S.A. 54:5-47, pro *361 vides: “I ... collector of taxes of ... (name of municipality), hereby certify that on ..., 19 ..., I sold to ... the lands in the municipality described as ... subject to redemption on repayment of the amount of the sale, together with interest thereon at the rate of ... and the costs incurred by the purchaser.” N.J.S.A. 54:5-50 provides that the certificate of sale may be recorded in the office of the clerk or register of deeds in the county in which the land is located “as a mortgage of land.”
Based on the foregoing statutes, some New Jersey courts have described the municipality’s sale of the certificate as a transfer of title. In Brinkley v. Western World, Inc., 281 N.J.Super. 124, 656 A.2d 872 (Ch.Div.1995), aff'd, 292 N.J.Super. 134, 678 A.2d 330 (App.Div.1996), for example, the court described a tax sale certificate as “a conveyance of land subject to redemption, and ... an assignment of the tax lien,” and noted that, when a court sets aside a certificate, “it [is] very much as if the court [has] voided a contract for the sale of real property.” 281 N.J.Super. at 132, 656 A.2d 872 (citation omitted). Recent Appellate Division decisions, such as Jefferson Tp. v. Block 447A, Lot 10, 228 N.J.Super. 1, 548 A.2d 521 (App.Div.1988), describe somewhat differently the property interest transferred by a tax sale certificate. In holding that a tax sale certificate holder has a constitutional right to notice of foreclosure by a subsequent certificate holder, the court described the certificate holder as follows:
The holder of a tax sale certificate does not have title to the land. The holder’s purchase of the certificate at a tax sale does not divest the delinquent owner of his title to the land. The certificate holder succeeds to the lien interest of the taxing district. The certificate holder’s inchoate interest consists of three significant rights. The holder has the right to receive the sum he paid for the certificate with interest at the redemption rate for which the property was sold. The holder has the right to redeem from any other holder a subsequently issued tax sale certificate. Finally, and most important, the holder has the right to acquire title by foreclosing the equity of redemption of all outstanding interests including the owner’s____
Foreclosure by a municipality under the [In Eem Tax Foreclosure Act, N.J.S.A. 54:5-104.29 to -104.75] extinguishes all the prior holder’s rights, including the right to receive, upon redemption, the amount originally paid by the holder for the tax certificate. Consequently, the holder of a tax sale certificate has a property interest protected, by the requirements of due process.
[Id. at 4-5, 548 A.2d 521 (citations omitted; emphasis supplied).]
*362 In reaching the conclusion that a certificate holder has a protected property interest, the Appellate Division relied upon Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), which held that a mortgagee has a property interest protected by the Due Process Clause of the Fourteenth Amendment and, therefore, was entitled to notice by mail, or other method which would insure actual notice, of a sale of the mortgaged property for non-payment of non-taxes. Jefferson Tp., supra, 228 N.J.Super. at 3, 5, 548 A.2d 521.
The similarity between the property interest of a mortgagee and that of a tax sale certificate holder extends beyond rights to receive notice.
Like the mortgagee, the holder advances money, in at least the amount of the outstanding municipal lien, N.J.S.A. 54:5-31, and in return receives a lien on the assessed property, which passes from the municipality to the holder. N.J.S.A. 54:5-42. A mortgagee and a tax sale purchaser have the right to foreclose if, in the case of a mortgage, the debt which the mortgage secures is not paid, or, in the case of a certificate holder, the property is not redeemed.
[Jefferson Tp., supra, 228 N.J.Super. at 5-6, 548 A.2d 521 (footnote omitted).]
A mortgagee and a certificate holder also have similar rights to redeem subsequent tax sale certificates. The parties who have the right of redemption are specified in N.J.S.A. 54:5-54. Prior to amendment by L. 1994, c. 32, § 8, this statute designated such parties to be “the owner, mortgagee, occupant or other person having an interest in land sold for municipal liens.” Realty Sales Corp. v. Payne, 76 N.J.Super. 59, 61-62, 183 A.2d 772 (Ch.Div.1962), aff'd, 78 N.J.Super. 504, 189 A.2d 458 (App.Div.), certif. denied, 41 N.J. 162, 195 A.2d 305 (1963), held that the holder of a prior tax sale certificate is a “person having an interest in land” within the statutory definition. L. 1994, c. 32, § 8 amended the statute to delete “other person having an interest” and add, as a party having the right to redeem, a “holder of a prior outstanding tax lien certificate.”
The right of redemption is equally important to a mortgage holder and a tax sale certificate holder because, only by exercising such right, can each holder protect priority rights with respect to subsequent municipal liens (including liens for property *363 taxes arising under N.J.S.A. 54:5-6). Under N.J.S.A. 54:5-9,[3] a tax sale certificate subsequent in time to a mortgage nevertheless has priority over the mortgage. The foreclosure of the subsequent tax sale certificate can, therefore, extinguish the mortgage. A subsequent tax sale certificate also has priority over an earlier certificate, North Bergen Tp. v. Usher, 142 N.J.Eq. 479, 482, 60 A.2d 809 (Ch. 1948), and the foreclosure of the later certificate can extinguish the earlier certificate. Realty Sales Corp. v. Payne, supra, 76 N.J.Super. at 62,183 A.2d 772. As a result, the priority of a tax sale certificate and a mortgage over a subsequent tax sale certificate can be maintained only by redeeming the subsequent certificate.
The payment required, under N.J.S.A. 54:5-58, -60 and -61, for redemption of a tax sale certificate includes the face amount of the certificate plus interest at the certificate rate, and the amount of all municipal liens, interest, and costs actually paid by the certificate holder plus interest at the rate chargeable by the municipality (under N.J.S.A. 54:4-67, 8% on the first $1,500 and 18% on the excess, plus a penalty of up to 6% if the delinquency exceeded $10,000 and was not paid by the end of the fiscal year when due). If, therefore, subsequent taxes are excessive, the cost to the earlier certificate holder or mortgagee of protecting the priority of the certificate or mortgage is directly increased. Even if a certificate holder is not concerned with foreclosure by a subsequent certificate holder, the prior holder has a significant interest, in the level of assessment because the property owner, or other party authorized to redeem by N.J.S.A. 54:5-54, must, in order to redeem the certificate, pay the amounts required by N.J.S.A. 54:5-58, -60 and -61. As a result, excessive property taxes may inhibit redemption of the certificate, just as excessive property taxes paid by a mortgagee, and added to the mortgage debt, may inhibit redemption of the mortgage.
*364 In addition to the foregoing property interests similar to those of a mortgagee, a tax sale certificate holder has distinctive property interests arising from statutory provisions peculiar to tax sale certificate foreclosures. One such distinctive property interest is the certificate holder’s right, by foreclosure, to acquire title to the property covered by the certificate. In actions to foreclose mortgage liens, and execute upon judgments (including judgments based on mechanics’ lien claims), the applicable statutes contemplate (except in under “special circumstances” applicable to a mortgage foreclosure, Sears, Roebuck & Co. v. Camp, 124 N.J.Eq. 403, 409, 1 A.2d 425 (E. & A. 1938)) a sheriffs sale of the property at public auction with the mortgagee or judgment holder either receiving proceeds of the sale necessary to pay the indebtedness or having the right to acquire title by outbidding others at the auction. N.J.S.A. 2A:50-37; N.J.S.A. 2A:17-17; N.J.S.A. 2A:44A-24 to -26. By contrast, under N.J.S.A. 54:5-85 to -104, foreclosure of the right to redeem a tax sale certificate is a strict foreclosure, enabling the certificate holder to acquire fee simple title directly without a public auction. N.J.S.A 54:5-87 authorizes the Superior Court, in a tax sale certificate foreclosure proceeding, “to adjudge an absolute and indefeasible estate of inheritance in fee simple, to be vested in the purchaser.”
It is ... understandable that the Legislature found it fair to bar the right to redeem by a strict foreclosure, ie., by a judgment that payment be made by a fixed date, in default of which the right to redeem shall end, rather than by a sale as in the ease of the foreclosure of a mortgage. The point we stress is that, whereas with respect to the initial sale for taxes, the statute intends to attract third parties to the opportunity to acquire the property and provides for public notice to that end, N.J.S.A. 54:5-25 and 26, there is no like policy to invite the public to participate with respect to the foreclosure of the right to redeem, ...
Hence the foreclosure process concerns only the holder of the tax sale certificate and the holders of existing interests in the property.
[Bron v. Weintraub, 42 N.J. 87, 91-92, 199 A.2d 625 (1964).]
A second distinctive property interest arises from a certificate holder’s obligations with respect to subsequent municipal liens. Mortgagees and judgment holders can foreclose or execute subject to prior liens including the municipal lien for property taxes. N.J.S.A. 2A:44A-22d, -27; Morsemere Fed. Sav. & Loan Ass’n v. Nicolaou, 206 N.J.Super. 637, 641 n. 2, 503 A.2d 392 (App.Div. *365 1986). If the property has sufficient value, the proceeds of the sheriffs sale will be sufficient to pay the prior liens and the mortgage or judgment amount. If the proceeds of the sale are insufficient to pay prior liens and the mortgage or judgment, the mortgagee or judgment holder will receive less than full repayment. A tax sale certificate holder does not have the option to foreclose subject to municipal liens. Under N.J.S.A. 54:5-99, a certificate holder may not foreclose unless evidence is produced that all subsequent municipal liens (all of which are accorded priority under N.J.S.A. 54:5-9) have been paid through the date the foreclosure action is commenced. Accordingly, for a minimum of the two-year waiting period imposed by N.J.S.A. 54:5-86 before foreclosure proceedings can be instituted, and continuing thereafter as long as the certificate remains outstanding, the certificate holder has a far more immediate concern than a mortgagee, or judgment holder, that taxes not exceed their proper level.
A tax sale certificate holder does not, of course, have all of the property interests of a mortgagee which, under Chemical Bank, supra, 13 N.J.Tax 1, may appeal a property tax assessment, or all of the property interests of a tenant which, under Village Supermarkets, supra, 106 N.J. 628, 525 A.2d 323, also has a right of appeal. A certificate holder, as distinguished from a mortgagee, has no common law, contractual or statutory right to possession of the property or the right to take action to protect the holder’s security. A certificate holder, as distinguished from a tenant, has no contractual obligation to pay taxes. Standing to appeal, however, has not been predicated on the existence of such rights or obligations. A shopping center tenant, who has standing to appeal the assessment on the entire shopping center, has no right of possession beyond its leased premises and no general right to repair or take other action with respect to the shopping center. A mortgagee has no contractual obligation to pay taxes, and, under Village Supermarkets, a shopping center tenant with such an obligation may not have standing because it does not have a sufficient interest in the shopping center assessment. A property owner with no personal obligation, contractual or otherwise, to *366 pay property taxes, Freehold Office Park, Ltd. v. Freehold Tp., 12 N.J.Tax 433, 440 (Tax 1992), has standing to appeal.
Based on the foregoing analysis, and a weighing of “relative circumstances” and “economic interests,” Village Supermarkets, supra, 106 N.J. at 633, 525 A.2d 323, I conclude that: 1) a tax sale certificate holder has a significant and substantial property interest equal to, and in some respects greater than, the property interest of a mortgagee or tenant, and 2) the certificate holder’s interest is sufficient to create an implied right to appeal and to compel the conferring of standing to appeal. A certificate holder is subject to statutory tax payment requirements in connection with foreclosure of the right of redemption, and may be required to pay property taxes, either directly or as part of a redemption payment, in order to prevent the sale of subsequent certificates or extinguishment by foreclosure of a subsequent certificate. The holder, therefore, is surely a “person whose tax payments are adversely affected by an improper assessment . . . .” Ewing Tp. v. Mercer Paper Tube Corp., supra, 8 N.J.Tax at 91. By purchasing the certificate, the holder acquires a direct interest in the title to the property and the level of tax assessment, which interest is either inherent in the certificate under Brinkley v. Western World, supra, 281 N.J.Super. 124, 656 A.2d 872, or arises out of the right to strict foreclosure. The certificate holder has, at a minimum, “a property interest protected by the requirements of due process.” Jefferson Tp. v. Block 447A, Lot 10, supra, 228 N.J.Super. at 5, 548 A.2d 521. These due process requirements mandate a right of appeal. See McKesson v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 36, 110 S.Ct. 2238, 2250, 110 L.Ed.2d 17, 35-36 (1990) stating that (“[bjecause exaction of a tax constitutes a deprivation of property, the State must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the Due Process Clause”). Standing to appeal is, therefore, logically encompassed by the certificate holder’s protected property interest. Furthermore, I find no basis for concluding that a certificate holder will not adequately represent the interest of the property owner or that the holder does not *367 have the ability “to mount and prosecute an effective appeal.” Village Supermarkets, supra, 106 N.J. at 634-35, 525 A.2d 323.
Permitting a certificate holder to appeal “ ‘makes eminent good sense in the marketplace,’ ” Chemical Bank, supra, 13 N.J.Tax at 12, not only for the foregoing reasons but also because it will promote two important public policies. Firstly, providing a certificate holder with a mechanism to control the costs of foreclosure and redemption will advance the policy of encouraging the purchase of tax sale certificates. “Contrary to early hostility to [tax] titles, the policy today is to support them, thereby to aid municipalities in raising revenue.” Bron v. Weintraub, supra, 42 N.J. at 91, 199 A.2d 625; see also Sonderman v. Remington Const. Co., Inc., 127 N.J. 96, 109, 603 A.2d 1 (1992) (noting that “[t]he primary purpose of the [Tax Sale Law] is ... to provide a method for collecting taxes”).
Secondly, permitting a tax sale certificate holder to pursue an appeal will advance the policy of checks and balances built into the local property tax statutes. N.J.S.A. 54:4-23 obligates the assessor to make the initial determination of an assessment. The county board of taxation has rights of review and revision pursuant to N.J.S.A. 54:4-47. The “check” on this governmental action is contained in N.J.S.A. 54:3-21 which provides to the “taxpayer” the right to challenge the tax imposition. When a tax sale certificate has been sold, the property owner is, in all likelihood, in financial distress and not concerned with a tax liability which the owner cannot pay. As a result, the owner has little or no incentive to appeal an excessive assessment. The certificate holder has such incentive.
An appeal by a certificate holder may result in disputes between the holder and the property owner, or other unforeseen complications. If such disputes or complications arise, this court, pursuant to N.J.S.A. 2B:13-3(a), or the Superior Court, can fashion appropriate relief. Simon v. Voorhees Tp., 289 N.J.Super. 116, 672 A.2d 1292 (App.Div.), certif. denied, 145 N.J. 373, 678 A.2d 714 (1996), where the Appellate Division determined the rights of a tax sale certificate holder when the underlying assess *368 ment was reduced as a result of a tax appeal filed by the property owner,[4] demonstrates the capacity of our courts to resolve complex issues involving tax sale certificates. Also see Chemical Bank, supra, 13 N.J.Tax at 13, where Judge Rimm articulated the Tax Court’s ability to “enter an appropriate order which would protect the rights of all ... parties.”
One complication that can be foreseen is the possibility that the certificate holder’s tax appeal will result in an increase in the assessment which would affect the owner or any party redeeming the certificate pursuant to N.J.S.A. 54:5-54. The certificate itself names the property owner. N.J.S.A. 54:5-47. It is appropriate, therefore, that a certificate holder notify the property owner of the filing of an appeal. Notice to the property owner is required from a tenant by Village Supermarkets, supra, 106 N.J. at 633, 525 A.2d 323 and by R. 8:5 — 3(a)(8) and from a mortgagee by Chemical Bank, supra, 13 N.J.Tax at 13. Parties, other than the property owner, having the right to redeem a tax sale certificate would be affected by an increased assessment, as would the property owner’s mortgagee when a tenant appeals and a tenant of the property owner when a mortgagee appeals. Notice to these parties has not been required, and I see no reason to impose on a tax sale certificate holder more onerous notice requirements than apply to a tenant or mortgagee.
Defendant’s motion to dismiss is denied. Plaintiff shall, within ten days from the date of the Order denying defendant’s motion, notify the owner of the subject property of the pendency of this appeal.

 The two-year time limitation was presumably imposed pursuant to N.J.S.A. 54:5-114.4 which requires, with respect to a tax sale certificate originally issued to a municipality and sold by it, that the right of redemption be foreclosed and the final judgment be recorded "within two years from the date of confirmation of the sale by the governing body.” The Resolution granting the extension expressly refers to N.J.S.A. 54:5-114.5 which permits a municipal governing body to extend the time limitation contained in N.J.S.A. 54:5-114.4.

 L. 1991, c. 75, § 30, which amended N.J.S.A. 54:3-27 to require the payment of "all taxes and municipal charges due, up to and including the first quarter" of the year of appeal, did not become operative until January 1, 1992.

 This statute provides: "Every municipal lien shall be a first lien on such land and paramount to all prior or subsequent alienations and descents of such lands or encumbrances thereon, except subsequent municipal liens.”

 Payment of the purchase price for a tax sale certifícate constitutes a payment of taxes under N.J.S.A. 54:3-27 sufficient to permit the property owner to appeal. Echelon Glen Co-op., Inc. v. Voorhees Tp., 15 N.J.Tax 145 (App.Div.), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994). There would, therefore, be a certain degree of irony in a conclusion that, notwithstanding payment of such purchase price, the purchaser has no right to appeal.