ALBERT HEPNER, PLAINTIFF-APPELLANT, v. THE TOWN-SHIP COMMITTEE OF THE TOWNSHIP OF LAWRENCE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 19, 1971—Decided June 14, 1971.

Before Judges CONFORD, KOLOVSKY and CARTON.

*Mr. William P. Doherty, Jr.* argued the cause for appellant.

*Mr. Marvin M. Wodlinger* argued the cause for respondent.

The opinion of the court was delivered by
CARTON, J. A. D. Plaintiff, the assignee of a tax sale certificate to certain property in Cedarville, Lawrence

Township, appeals from a judgment denying an injunction against demolition of the dwelling thereon by defendant township committee and dismissing his claim for damages.

The present controversy is the culmination of a long-standing dsipute between plaintiff and defendant municipality centering around the alleged substandard condition of the dwelling house on this property and the municipality's efforts to compel plaintiff either to make the repairs necessary to render it habitable or to demolish it.

On October 14, 1965 the township building inspector sent plaintiff a declaration that the property was substandard and unfit for human habitation. The declaration ordered that the building be repaired or demolished within the next following 30 days and notified Hepner of a hearing scheduled on November 1, 1965. Plaintiff, through his attorney, reached an agreement with Lawrence's representatives in which the township agreed not to demolish the building if Hepner would effectuate necessary repairs. It is undisputed that the building remained vacant and that certain repairs and renovations were undertaken by plaintiff.

According to the township, plaintiff was sent another notice on May 23, 1967 by regular mail declaring that these premises remained uninhabitable. While plaintiff denies ever receiving this notice, the complaint was never returned as undelivered. The notice required that the building be repaired or demolished within the next following 30 days and notified Hepner of a "hearing pursuant to ordinance 74 [to be held on June 12]. * * * You may file an answer to this complaint and appear then to answer these charges."

The township's representatives met on June 12; however, Hepner did not appear. The record reveals no minutes or findings of fact or any determination resulting from the hearing.

As a result of the June 12 meeting, plaintiff was personally served on June 23 with a notice ordering plaintiff to demolish the property within 30 days because it remained in violation of the township ordinance.

The building not having been demolished as directed, on August 3, 1967 the township advertised that bids would be taken for its demolition on August 14. Plaintiff admitted reading this advertisement. At a meeting held by the township committee on the latter date, plaintiff, through his attorney, represented that the building was not in a dilapidated condition. The township decided to proceed with the demolition plans on the following day. That same day plaintiff obtained a temporary restraining order. However, a section of the building had already been destroyed. Plaintiff filed another complaint seeking damages for the destruction of his building.

After a plenary trial as to liability, the court concluded that the premises were, as of May 23, 1967 and thereafter, dangerous to life and health; that plaintiff had been given notice as required by *N. J. S. A.* 40:48-1(15) and *N. J. S. A.* 40:48-2.3 and 2.5; that the requisite statutory procedures had been complied with, and that plaintiff was entitled to no damages.

The issues to be resolved on this appeal are whether plaintiff had the requisite standing to challenge the validity of the demolition ordered pursuant to *N. J. S. A.* 40:48-2.3 to 40:48-2.12 by defendant township committee; whether the notice given to plaintiff complied with the requirements of *N. J. S. A.* 40:48-1(15), or *N. J. S. A.* 40:48-2.5 and *N. J. S. A.* 40:48-2.7, and whether plaintiff could, under any circumstances, be entitled to damages for wrongful destruction of his property in light of *N J. S. A.* 40:48-2.8.

Preliminarily, we note that plaintiff is not entitled to advance the issue that *N. J. S. A.* 40:48-2.5 and *N. J. S. A.* 40:48-2.6 are unconstitutional on the theory that the statutory scheme permits unfettered delegation of authority to an individual. We need not consider this contention since it is raised for the first time on appeal and without compliance with the provisions of *R.* 4:28-4(a) requiring notice to the Attorney General, who is not a party to the proceeding.

## Plaintiff's Standing

■ Plaintiff, as assignee of the tax lien on the property who is exercising effective possession and control of the premises, is entitled to the protection afforded "parties in interest" within the statutory definition, *N. J. S. A.* 40:48-2.4(e). That plaintiff's interest is unrecorded is of no moment. The township had actual notice of it. On this basis he has the requisite standing to challenge the validity of the township's actions.

## Notice

The notice given by the municipality was inadequate to comply with the requirements of *N. J. S. A.* 40:48-1(15) or *N. J. S. A.* 40:48-2.5 and 40:48-2.7.

Lawrence Township Ordinance 74 was adopted pursuant to *N. J. S. A.* 40:48-2.3 to 2.12 and must be interpreted in accordance with the notice and procedural requirements of that statutory authority. Even if it were held, as defendant urges, that the ordinance was adopted under the broader authority of *N. J. S. A.* 40:48-1(15) and that the notice requirements of that statute were applicable, the required specifics enumerated therein as to the content of the notice were not furnished by the municipality.

■ The latter statute *N. J. S. A.* 40:48-1(15), directs that the municipality *shall* cause notice of the contemplated removal or destruction of the building to be given. The notice must sufficiently describe the property so as to identify it and include "a description of the manner in which such removal or destruction is to be carried out." The notice must also specify that "unless the building * * * is removed or destroyed within thirty days after the service of the notice, the municipality will proceed with the removal or destruction or cause it to be proceeded with. * * *" This information was not contained in any of the three notices sent to plaintiff.

Nor are we persuaded that the municipality gave proper notice of the hearing as required by *N. J. S. A.* 40:48-

2.5(b), or that the building inspector adequately complied with 2.5(c), or that the notice was properly served under *N. J. S. A.* 40:48–2.7.

The notice of October 14, 1965 did not formally comply with *N. J. S. A.* 40:48–2.5(b) since the complaint did not notify Hepner that he had the right to file an answer and to appear. Nevertheless, Hepner did appear through his attorney, who negotiated a settlement with the township in which Hepner agreed to make necessary repairs. The record does not reveal the specific terms of the settlement. However, we conclude that the municipality could not revert to this stale notice as a fulfillment of its statutory obligation.

First of all, it is undisputed that substantial repairs had been undertaken (although not completed). Without current notice that these renovations were unsatisfactory and a hearing considering this issue, the township could not undertake the demolition for failure to repair as required by the original complaint.

Secondly, the township did not follow the provisions set forth in its own complaint. The original complaint specified 30 days time in which to repair or remove the nuisance. After expiration of that period, the municipality did nothing for about 1½ years. Plaintiff undertook substantial improvements on the property through May 23, 1967. Consequently, it would be inequitable to permit the township to proceed in the later action as if it were a consequence of the original complaint.

Notice of the instant proceeding was initiated by the complaint of May 23, 1967. This notice was sent to Hepner via regular mail. Service of the complaint in this manner did not meet the requirements of *N. J. S. A.* 40:48–2.7 and Ordinance 74. These required that the complaint be served in person or by registered mail. Although the letter was not returned as undelivered, it was not demonstrated that plaintiff received the letter or had actual notice of its contents. Strict compliance with the notice requirements is mandatory in any proceeding where, as here, an intrusion on

a substantial property right may result. *Cf. Harrison v. Long Branch Tp.*, 21 *N. J. Super.* 605 (App. Div. 1952); *Vanderhoven v. City of Rahway*, 120 *N. J. L.* 610 (Sup. Ct. 1938); *Rosenberg v. Sheen*, 77 *N. J. Eq.* 476 (Ch. 1910). Therefore, we conclude that the notice dated May 23, 1967 has no effect, irrespective of its contents.

 In any event, the "hearing" held on the May 23 complaint can be given no effect. *N. J. S. A.* 40:48–2.5(c) requires that the public officer make findings of fact in support of any determination that the building is unfit for human habitation or occupancy, and if the building be repairable the inspector is required to fix a reasonable time within which repairs shall be made. If the building is in such condition as to make it dangerous to the health and safety of persons on or near the premises, then the officer may order the demolition of the building if the condition is not remedied.

 Here, the building inspector's only determination was made on May 23, 1967 and is embodied in the notice form. It does not appear that a hearing was held, although a "meeting" did take place. Hepner was not present. There were no written factual findings or even evidence that the deficiencies alleged in the complaint were accepted as fact.

This "determination" was not a sufficient compliance, in form or in substance, with the mandate of the statute, *N. J. S. A.* 40:48–2.5(c). This is especially so since there was a legitimate question as to whether a default had occurred (due to improper service) and also disagreement as to whether destruction of the building was a reasonable requirement as of that time. We observe that the May 23 notice purported to allow a further opportunity to complete the renovating process. Plaintiff had already begun repairs to several conditions listed as deficient in the May 23 complaint.

The notice of demolition personally served on June 23, 1967 did not remedy the deficiencies. That notice did not inform plaintiff of any right to a hearing, set a hearing

date, or inform him that he had the right to answer the complaint and enter an appearance and present testimony. It merely recited that the township had already reached a decision as to the fate of plaintiff's property without affording him an opportunity to contest the complaints lodged against him. See *Vanderhoven v. Rahway, supra.*

## Damages

Lastly, we conclude that plaintiff is not barred from recovery of damages solely by reason of *N. J. S. A.* 40:48–2.8. That section provides:

> Any person aggrieved by an order issued by a public officer under this act may, within sixty days after the posting and service of such order, bring an action for injunctive relief to restrain the public officer from carrying out the provisions of the order and for any other appropriate relief. The court may proceed in the action in a summary manner or otherwise. The remedy herein provided shall be exclusive, and no person affected by an order of the public officer shall be entitled to recover any damages for action taken pursuant thereto, or because of noncompliance by any person with any order of the public officer.

The statute merely provides that injunctive relief shall be the exclusive relief from an order issued *under this act* (*N. J. S. A.* 40:48–2.3 to 2.12). The act does not purport to afford protection or immunity to local officials or a municipality from the consequences of action taken without first complying, at least substantially, with the statutory provisions. Any person aggrieved by such action wholly contrary to the statute still retains any common law rights to recovery he may have for an injury claimed to be sustained. *Cf. Harrison v. Long Branch Tp., supra.* See also *Albert v. City of Mountain Home,* 81 *Idaho* 74, 337 *P.* 2d 377 (Sup. Ct. 1959); *Michaud v. City of Bangor,* 159 *Me.* 491, 196 *A.* 2d 106 (Me. Sup. Jud. Ct. 1963); *Philbrick v. White,* 106 *N. H.* 340, 211 *A.* 2d 852 (Sup. Ct. 1965); *Solly v. Toledo,* 7 *Ohio St.* 2d 16, 218 *N. E.* 2d 463 (Sup. Ct. 1966). We express no opinion as to the proper measure of damages for

the holder of a lien as opposed to the owner of the fee as this issue has not been argued or briefed.

That part of the judgment dismissing the injunction forbidding demolition of the building is reversed without prejudice, however, to defendant municipality's right to initiate proceedings, in accordance with the statute and with the local ordinance, against the property and plaintiff's interest therein.

That portion of the judgment dismissing plaintiff's claim for damages is reversed and the matter remanded for a new trial as to this issue.