928 A.2d 147 (2007)
395 N.J. Super. 143
Vincent L. GAMBA, Plaintiff-Appellant,
v.
TOWNSHIP OF BRICK, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 2007.
Decided July 26, 2007.
*148 Kenneth L. Thomson, Freehold, argued the cause for appellant (Manning, Caliendo & Thomson, attorneys; Mr. Thomson, on the brief).
Scott W. Kenneally, Brick, argued the cause for respondent (Starkey, Kelly, Bauer, Kenneally & Cunningham, attorneys; Mr. Kenneally, of counsel; Dina R. Khajezadeh, on the brief).
*149 Before Judges SKILLMAN, LISA and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
Plaintiff Vincent L. Gamba appeals from an order dismissing his complaint following a jury trial. Gamba alleged that defendant Township of Brick demolished a house on his property and imposed a lien for demolition costs without affording the prior notice and hearing required by N.J.S.A. 40:48-2.5 and N.J.S.A. 40:48-2.7. He sought damages for Brick's unlawful actions and for violation of his constitutional right to procedural due process. This case was previously before us on Gamba's appeal from a grant of summary judgment in favor of Brick and denial of his cross-motion for summary judgment on liability. In an unpublished decision, we reversed both orders and remanded for further proceedings, including consideration of Brick's failure to follow statutory procedures for demolition. Gamba v. Twp. of Brick, No. A-2313-01 (App. Div. April 8, 2003). That question had not been addressed by the motion judge.[1]
On remand the trial court determined that Brick did not follow the statutory procedures. Nonetheless, the court instructed the jurors that Gamba could not prevail if he had actual notice that his house would be subject to demolition if he did not make the repairs required by Brick. We conclude that actual notice of the potential for demolition of one's property at an unspecified future date neither satisfies nor substantially complies with the municipality's statutory obligations to provide the property owner with prior notice and a hearing. Accordingly, we reverse and remand.
The property at issue is located in the Township of Brick and owned by Gamba. It includes a house, which had not been occupied for several years when Brick first invoked its authority to demolish it pursuant to N.J.S.A. 40:48-2.3 to -2.12.
The Legislature has conferred on municipalities the authority to exercise "police powers to repair, close or demolish, or cause or require the repairing, closing or demolition of" buildings that are "unsafe or insanitary, or dangerous or detrimental to the health or safety or otherwise inimical to the welfare of the residents of said municipality. . . ." N.J.S.A. 40:48-2.3. A municipality, however, must exercise that authority "in the manner" provided in the statutes. Ibid.
It is well-settled that strict compliance with procedures relevant to notice and hearings is required in municipal demolition proceedings where "an intrusion on a substantial property right may result." Hepner v. Twp. Comm. of Twp. of Lawrence, 115 N.J.Super. 155, 161-62, 278 A.2d 513 (App.Div.), certif. denied, 59 N.J. 270, 281 A.2d 532 (1971); accord 21-23 Seidler Assocs., L.L.C. v. City of Jersey City, 391 N.J.Super. 201, 208, 917 A.2d 808 (App.Div.2007). A person aggrieved by a demolition accomplished by a municipality that did not "first comply[ ], at least substantially, with the statutory provisions," may recover for injuries sustained as a consequence. Hepner, supra, 115 N.J.Super. at 163, 278 A.2d 513. Both owners and other persons with "interests of record" are afforded protections under the law. See N.J.S.A. 40:48-2.4(d)-(e); *150 21-23 Seidler Assocs., supra, 391 N.J.Super. at 206, 917 A.2d 808.
An understanding of the statutory procedures a municipality must follow prior to demolition and the purposes served by adherence to those procedures is essential to a determination whether Brick failed to substantially meet its statutory obligations in connection with this demolition. See N.J.S.A. 40:48-2.5 (requiring a municipality to adopt an ordinance and specifying mandatory provisions); N.J.S.A. 40:48-2.7 (describing the manner of service of process). For that reason, we discuss together the statutory requirements and the actions Brick took in this case.
A municipality must issue a complaint stating the charges. N.J.S.A. 40:48-2.5(b). Brick did that. Brick's complaint was in the form of a letter to plaintiff dated October 2, 1998. In that letter, Brick notified plaintiff that his property had become "so out of repair so as to be unsafe, unsanitary or otherwise unfit for human occupation or occupancy." Brick cited violations of "the BOCA National Property Maintenance Code" governing public nuisance, weeds, exterior painting, street numbers and window and door framing. The letter included a warning that the conditions "may require immediate repair or correction." The letter further advised that Brick's Property Maintenance Appeal Board (Board) would consider whether an order should issue that would require repair, improvement, alteration, removal or demolition of Gamba's property and set a deadline for completion of the work deemed necessary.
In addition to a statement of the charges, a complaint must include information that notifies the owner of the date and time of a hearing on the charges and of the owner's right to file an answer, appear and testify at that hearing. Ibid. The hearing may not be held fewer than seven days after service of the complaint. Ibid.[2] Brick did not meet these requirements. Brick informed plaintiff of his right to appear and testify at a hearing to be held before the Board on October 8, 1998. But, contrary to N.J.S.A. 40:48-2.5(b), the notice did not advise Gamba of his right to file an answer. Further, although N.J.S.A. 40:48-2.5(b) does not permit a hearing fewer than seven days after the complaint is properly served, Brick scheduled this hearing for a date only six days from the date of the issuance of the complaint.
Timely notice, which in this context is notice that affords adequate time to permit preparation of a defense, is a basic component of due process. See H.E.S. v. J.C.S., 175 N.J. 309, 321-25, 815 A.2d 405 (2003). The Board was not free to ignore the Legislature's determination that a minimum of seven days is required for adequate preparation of a defense. Gamba presented the Board with an opportunity to cure its failure to provide timely notice by requesting an adjournment. But the Board denied that request, despite the fact that Gamba told the Board that he had contacted an attorney and asked for additional time to consult with the lawyer. Gamba also explained that he was attempting to hire a contractor, information potentially relevant to the need for and timing *151 of an order requiring and scheduling repairs or demolition.
The statute requires a municipality to afford additional procedural protections some of which were not afforded to Gamba. A determination that the building at issue is unfit for human habitation or occupancy or use must be accompanied by a written statement of findings of fact and served upon the owner. N.J.S.A. 40:48-2.5(c)(1). The Board partially complied. In a letter and order approved and dated November 5, 1998, the Board stated its reasons for concluding that Gamba's house was unfit for human habitation. It was not served, however, as required by N.J.S.A. 40:48-2.7.
Upon a finding that the building is "unfit," an order must be issued and served in accordance with N.J.S.A. 40:48-2.7. N.J.S.A. 40:48-2.5(c). The order may require repair within a reasonable time stated in the order. N.J.S.A. 40:48-2.5(c)(1). The order may also provide that if the building is "dangerous to the health and safety of persons on or near the premises, and the owner fails to repair, alter or improve the said building within the time specified in the order, then the owner shall be required to remove or demolish the said building within a reasonable time as specified in the said order of removal." N.J.S.A. 40:48-2.5(c)(2).
The statute is clear. Where demolition will be required if the work is not completed on the date set, the order must so state. The order also must provide and state a reasonable time, after the deadline for repair, to permit the owner to remove or demolish the structure. Ibid. If the relevant deadline for repair and reasonable period for removal are not so stated, then a separate "order of removal" is "required." Ibid.; see also N.J.S.A. 40:48-2.5(e) (providing that the municipality may remove or demolish if the owner does not comply with an order to remove or demolish). We have held that where the municipality's intention and right to remove or demolish is not clear, whether due to delayed enforcement or a dispute about the adequacy of a repair made, a second complaint and hearing is required prior to demolition. Hepner, supra, 115 N.J.Super. at 161-63, 278 A.2d 513.
In this case, the Board's November 5 order did not include provisions directing removal or demolition within a specified time. It directed Gamba to do the following work in accordance with the following schedule, which ran from the date of its November 5 decision and order: (1) eliminate weeds and overgrowth within two weeks (i.e., no later than November 19, 1998); (2) remove debris within thirty days (i.e., no later than December 5, 1998); (3) paint and repair windows, doors, door framing and exterior painting within sixty days (i.e., no later than January 4, 1999); (4) repair the roof and restore water, sewer and electrical service within ninety days (i.e., no later than February 3, 1999).
Brick suggests that the Board's order includes the notice required by N.J.S.A. 40:48-2.5(c)-(e). The claim is that the order states the Board's intention to require demolition upon Gamba's failure to meet any one of the four deadlines for repair and gives Gamba notice that the Board will demolish the house, at his expense, if he does not do so within thirty days of the first missed deadline.
We cannot agree that the order conveys the information required. In pertinent part it states:
Mr. Gamba is advised that, should he default in adhering to the above schedule, he shall be required to remove or demolish the building at his sole cost and expense, within thirty days of the default. In the event Mr. Gamba fails *152 to comply with the order to remove or demolish the building, then the Township shall be authorized to take the necessary steps to cause the building to be removed or demolished [at Gamba's expense].
[Emphasis added.]
This order is, at best, confusing. A reasonable reading suggests what the statute and Hepner require: that any demolition by Brick will be preceded by a finding of default, an "order to remove or demolish" and a demolition only in the event that Gamba does not comply with an order to "remove or demolish." See Hepner, supra, 115 N.J.Super. at 161-63, 278 A.2d 513. There is nothing in this order that even suggests what Brick argues, which is that the order authorizes Brick to jump straight to demolition, without a further hearing or an order of demolition, if Gamba misses any one of the four separate deadlines for repair included in the November 5 order.[3]
Brick took no subsequent action that afforded Gamba notice of his obligation to remove or demolish the building or a reasonable opportunity to accomplish the removal or demolition on his own. By letter dated December 21, 1998, Brick advised Gamba that his case was "scheduled for discussion" by the Board on January 14, 1999. In that letter the Board neither invited nor informed plaintiff that he had a right to attend the "discussion" or participate in a hearing. Cf. N.J.S.A. 40:48-2.5(b). The Board simply advised that it would be "discussing the status of [his] compliance or non-compliance with" the November 5 order and would "determine the next appropriate course of action." It invited plaintiff to contact the Board's attorney if he had questions. This letter did not meet the requirements of a new "complaint" for demolition. N.J.S.A. 40:48-2.5(b).
Although plaintiff was aware of the January 14, 1999 meeting, he did not attend. After reviewing photographs of plaintiff's property, the members of the Board determined that plaintiff had not complied with the November 5 order and voted to demolish the house on his property. The "discussion," without prior notice to Gamba of his opportunity to answer, appear and testify, did not meet the requirements of a new "hearing" on demolition. N.J.S.A. 40:48-2.5(b).
The Board prepared an order declaring its authority to demolish the structure and remediate the code violations. No date for the proposed demolition was stated. No time within which Gamba could arrange for demolition was provided. This "demolition" order did not meet the requirements of N.J.S.A. 40:48-2.5(e). Moreover, that order was not served as required by N.J.S.A. 40:48-2.7. The order was posted on the premises on January 14, 1999, and sent to plaintiff by registered and regular mail. On *153 January 17, the order was published in the local newspaper, but no affidavit of due diligence was prepared prior to publication. Cf. ibid.
On January 20, 1999, Brick demolished the house. The Board's final demolition order was recorded in the county clerk's office on January 21, 1999. The registered mail transmitting a copy of the January 14, 1999 order to Gamba was returned unclaimed on January 30, 1999.
According to plaintiff's testimony at trial, Brick subsequently filed a lien against plaintiff's property in the amount of $23,578.78, which he had paid by the time of trial. Plaintiff also introduced evidence to establish the value of the house and its contents.
We recently explained the purposes of statutes specifying the procedures a municipality must follow prior to demolishing private property under the authority of N.J.S.A. 40:48-2.3 to -2.12. The purposes are to give those with an interest in the property "adequate advance notice [that affords them] the opportunity to contest the charge of unfitness of the structure or to make necessary repairs[, and,] [i]f demolition is required, . . . to make the necessary arrangements, in a manner and at a cost satisfactory to them." Garden State Land Co. v. City of Vineland, 368 N.J.Super. 369, 378, 846 A.2d 625 (App. Div.2004). Even assuming that Gamba had "actual notice" because he received the complaint, the November 5, 1998 order, the December 21, 1998 letter about the January 14, 1999 meeting and the January 14 order, those communications did not fulfill Brick's statutory obligations.
In this case, Brick took no action that satisfied the purposes of the governing statutes, which is to afford adequate notice and fairness to the owner of the property. The first hearing was held too early to give Gamba an adequate opportunity to prepare a defense. There was no hearing prior to the issuance of the order requiring removal or demolition based on Gamba's "default." And, the order of demolition did not provide Gamba reasonable time to remove or demolish the house himself. Thus, there was no substantial compliance.
We do not foreclose the possibility that proof of actual notice might be sufficient to establish that a municipality substantially complied with its statutory obligation to exercise the power of demolition "in the manner" provided in N.J.S.A. 40:48-2.3 to -2.12. But the facts of this case preclude a finding that Brick's action amounted to substantial compliance. Among other things, substantial compliance requires "`general compliance with the purpose of the statute[s]'" at issue. Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353-54, 771 A.2d 1141 (2001) (quoting Bernstein v. Bd. of Trs. of Teachers' Pension & Annuity Fund, 151 N.J.Super. 71, 77, 376 A.2d 563 (App.Div.1977)). There was no substantial compliance with the purposes of the statutes at issue here. Actual notice, in the context of the demolition laws, must afford the property owner what is required by N.J.S.A. 40:48-2.5, both the information and opportunity necessary to permit defense against and avoid demolition.
It was error to submit the question of actual notice to the jury under the facts of this case. No reasonable juror could have found that Brick acted in accordance with the statutes. Plaintiff was entitled to a jury instruction directing that Brick's demolition of Gamba's property was not authorized.
The order dismissing plaintiff's complaint is reversed and the matter is remanded for trial on the remaining issues.
NOTES
[1] Plaintiff also alleged that Brick's action violated the Americans with Disabilities Act, 42 U.S.C.A. § 12101 to -12213, and the Law Against Discrimination, N.J.S.A. 10:5-1 to -42. We affirmed the dismissal of those claims. Gamba, supra, slip op. at 16.
[2] The statute requires service of the complaint, as well as any subsequent order issued, personally or by registered mail. N.J.S.A. 40:48-2.7. Service by publication is permitted only if the person's whereabouts are not known and cannot be ascertained through exercise of reasonable diligence. Ibid. Where circumstances warrant service by publication, the officer must prepare an affidavit stating the facts and "then" may accomplish the service by publication. Ibid. There is no evidence that Brick caused the complaint or any order issued in this case to be served in accordance with N.J.S.A. 40:48-2.7.
[3] Brick failed to serve this order as required by N.J.S.A. 40:48-2.5(c) in the manner specified in N.J.S.A. 40:48-2.7. It was not recorded as required by N.J.S.A. 40:48-2.7. The earliest date on which Gamba could have received the order by regular mail was November 30, 1998, the date of the mailing. The order was not posted on the premises as required by N.J.S.A. 40:48-2.7 until December 1, 1998.

Under Brick's reading of the order, Gamba was in default of the November 5 order when he missed its first deadline, which was November 19, 1998. The fact that the first deadline had passed prior to the earliest date on which Gamba could have had actual notice added factual ambiguity to the textual obscurity of the order. Under the circumstances, we do not see how a reasonable person reading the order would conclude that Brick could proceed to demolition at any point prior to the last of the four deadlines, which was February 3, 1999.